# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DIEGO ALBERTO HOYOS OCHOA,

    Plaintiff,

v.

RAQUEL PEREA RUIZ and NORBERTO RUIZ,

    Defendants.

2:06-cv-01025-PMP-LRL

# REPORT & RECOMMENDATION

## BACKGROUND

Diego Ochoa, acting *pro se*, is suing Raquel and Norberto Ruiz under 42 U.S.C. § 1983. Plaintiff filed a Motion to Proceed *In Forma Pauperis* and Complaint on August 23, 2006 (#1). Plaintiff's original Complaint failed to state a claim upon which relief could be granted. The court granted his *forma pauperis* status, and leave to amend his Complaint. Plaintiff filed his Amended Complaint on October 18, 2006.

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must [still] follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the

1  light most favorable to the plaintiff.  *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980)
2  (citations omitted).

3  Upon review the court must dismiss a case at any time if it determines that the action is
4  frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary
5  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint,
6  or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted
7  "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that
8  would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

9  For a cause of action under § 1983, the defendants must have acted under "color of any
10 statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of
11 Columbia."  42 U.S.C. §1983; *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)
12 ("Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a
13 violation of rights protected by the Constitution or created by federal statute, (2) proximately caused
14 (3) by conduct of a 'person' (4) acting under color of state law.").  Private parties are generally not
15 acting under color of state law.

16 Plaintiff filed an Amended Complaint that differs from his first Complaint in two ways.
17 One, it is titled "Amended," and two, he checked the box that indicated he is suing Raquel Ruiz in
18 her official capacity.  Plaintiff's factual allegations and causes of action have not changed.  Plaintiff
19 claims that while living in Mexico he was dispossessed of property that was rightfully his and
20 brutally attacked by the defendants.  Further, plaintiff claims that the defendants have been found
21 guilty of these offenses in Mexico and have fled to the United States, where they are citizens.
22 Plaintiff does not allege that the defendants were acting in any official capacity.  Even assuming all
23 of the factual allegations are true, plaintiff does not have a tenable civil rights claim.
24 . . .
25 . . .
26 . . .

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

DATED this 20th day of November, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**